16c6083
Judge Thomas M. Durkin
Magistrate Judge Mary M. Rowland
PC 9

RECEIVED

JUN 09 2016

JUN 0 9 2016

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Andrew James Johnston,
                    Plaintiff,

v.

FRANK JACK SODETZ III, in his official capacity
and his personal capacity; TIMOTHY JOSEPH
STORINO in his official capacity, and personal
capacity; ROSALIE JANE LINDSAY-GUIMARÃES,
in her official capacity, and personal capacity;
and, ROBERT G. CLARKE, in his official
capacity, and personal capacity,
                    Defendants.

Case No.
(Clerk To Supply Please)

**FILED**

8/31/2016

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

Honorable Judge To Preside

## Complaint And Civil Action

NOW COMES the Plaintiff, Andrew James Johnston,

Pro Se, respectfully and honestly before this Honorable

Court. Johnston, a natural person, who respectfully reserves

his common law rights, that are based in equity, humbly seeks

to commence this civil action by way of complaint against

the defendants while invoking the Fourteenth Amendment's due process

clause. In support thereof, the following is offered for consideration:

## Count 1

The Fifth Amendment of the United States' Constitution provides that "[n]o person shall... be deprived of life, liberty, or property, without due process of law." U.S. Const. Amend. V, and XIV. Accordingly, defendant Sodetz willfully deprived Johnston of Johnston's personal property without due process of law... Specifically, Sodetz removed Johnston's personal property from an evidence storage location without Johnston's written, nor verbal consent for Sodetz to do so. Subsequently, Sodetz released the property to another individual on or about November 22, 2013, and at such time Johnston was represented by an attorney, defendant Lindsay and, the recipient of the property was also represented by an attorney, defendant Clarke.

②

## Count 2

Title 42, Chapter 21, § 1986 of the United States Code Service provides that "Every person who, having knowledge that any of the wrongs conspired to be done, and mentioned in the preceding section [42 USCS § 1985], are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do, if such wrongful act be committed, shall be liable to the party injured, or his legal representatives, for all damages caused by such wrongful act, which such person by reasonable diligence could have prevented:" 42 USCS § 1986.

Accordingly, defendants Lindsay and Clarke had knowledge of Count 1, had power to prevent or aid in preventing Count 1, and both Lindsay and Clarke neglected

③

or refused so to do. As a derivative of such neglect or refusal, Lindsay and Clarke paved the asphalt for Count 3 to manifest. Specifically, because Clarke did not prevent Sodetz from releasing Johnston's property to Clarke's then client by way of advise to his client not to accept such property without written approval from Johnston in line with common practice of attornment and FBI procedure, or by requesting Sodetz not to do so, Clarke neglected to prevent the conspiracy between defendants Storino and Sodetz that followed. Simultaneously, Lindsay neglected to prevent the same conspiracy, because Lindsay represented Johnston at the identical juncture, and neglected or refused to advise to object to the property's release without written approval from her client ipso facto.

## Count 3

Title 42, Chapter 21, § 1985 (3) of the United States Code Service provides that "If two or more persons in any State or Territory conspire, [text omitted], for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws, or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws;". 42 USCS § 1985 (3) (irrelevant text omitted).

A conspiracy, between defendants Storino and Sodetz, to deprive Johnston of his property without due process of law, and in violation of 42 USCS § 1982, by releasing the property without Johnston's consent to another person...

Then, upon Johnston's movement of the Court for return or reimbursement of the property, Storino and Sodetz confirm the existence of the conspiracy above stated, by submitting incomplete and fraudulent exhibits to Storino's frivolous response to Johnston's 41(g) motion, whereby Storino and Sodetz furthered their conspiracy, collectively, to continue the deprivation of Johnston's property in violation of the Fifth Amendment as well as Johnston's standing under 42 USCS §1982.

<u>Count 4</u>

Title 42, Chapter 21, §1982 of the United States Code Service provides that "All citizens of the United States shall have the same right, in every State and Territory, as is enjoyed by white citizens thereof

to inherit, purchase, lease, sell, hold, and convey real and personal property." 42 USCS § 1982.

Thus, Sodetz violated Johnston's right to hold the personal property Sodetz removed from evidence storage absent Johnston's authorization. Moreover, by commiting such unlawful deprivation of property, without due process of law, thereby violating the right to hold such property, Sodetz simultaneously violates 42 USCS § 1983, and § 1981(a), both of which Johnston respectfully invokes herenow.

## Count 5

As this action encompasses both the official and personal capacities of Sodetz, a tort claim against Sodetz in the dual capacities above stated under 28 USCS § 2672, and § 2679(b)(2) is made for

the unlawful conduct of Sodetz outlined in Counts 1
and 4 of this complaint.

## Foundation For All Counts

Attached, as "Exhibit A", please see the
Court Order filed and dated April 21, 2016.
Such order cites docket numbers 90, 92, & 94
as well as docket number 98 from the case
number 13 CR881, however Johnston reserves to
incorporate the entire docket of 13CR881, or just
a few other entries therein for evidentiary purposes
if need be. As the base, 90, 92, 94, & 98 are material here.

## Jurisdiction

28 USCS § 1331 provides that "The district
courts shall have original jurisdiction of all civil actions

arising under the Constitution, laws, or treaties of the United States." 28 USCS § 1331. Furthermore, 28 USCS § 1343 provides that "(a) The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person:

(1) To recover damages for injury to his person or property, or because of the deprivation of any right or privilege of a citizen of the United States, by any act done in furtherance of any conspiracy mentioned in section 1985 of Title 42:

(2) To recover damages from any person who fails to prevent or to aid in preventing any wrongs mentioned in section 1985 of Title 42 which he [or she] had knowledge were about to occur and power to prevent:"

28 USCS § 1343(a)(1) & (2).

Johnston respectfully stands under both of the above stated codified statutes for jurisdiction to commence this action against the defendants.

<u>Standing Under Deprivation</u>

To demonstrate standing, a plaintiff must "prove that he has suffered a concrete and particularized injury that is fairly traceable to the challenged conduct, and is likely to be redressed by a favorable judicial decision." Remijas v. Neiman Marcus Grp., LLC, 794 F.3d 688, 691-692 (7th Cir. 2015) (quoting Hollingsworth v. Perry, 133 S.Ct. 2652, 2661 (2013). Johnston respectfully asserts that because he has, and more than likely will continue to be

deprived of his personal property upon Johnston's release from prison — personal property comprised of mostly clothing which is a necessity while transitioning into the community as a convicted felon with very minimal community/family ties and seeking employment — Johnston has standing to hold the defendants liable and recover damages for the rights violations as well as the value of the property at issue, because the deprivation of the property can reasonably be inferred to hinder Johnston's ability to successfully reenter society.

<u>Viability And Plausibility</u>

To state a viable claim, the plaintiff must provide "enough facts to state a claim to relief

that is plausible on its face." Bell Atlantic Corp. v.
Twombly, 550 U.S. 544, 570 (2007). A claim is plausible
on its face if "the plaintiff pleads factual content that
allows the Court to draw the reasonable inference that
the defendant is liable for the misconduct alleged."
Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "The
plausibility standard is not akin to a probability
requirement." Iqbal, 556 U.S. at 678. The standard
"does not imply that the district court should decide
whose version to believe, or which version is more likely
than not." McReynolds v. Merrill Lynch & Co., 694 F.3d
873, 887 (7th Cir. 2012). Rather, "the plaintiff must
give enough details about the subject-matter of the
case to present a story that holds together. In other words,
the court will ask itself could these things have happened,

not did they happen." *Swanson v. Citibank, N.A.,*
614 F.3d 400, 404 (7th Cir. 2010).

Johnston respectfully asserts that his claims to
relief meet the above stated standards...

<u>Relief</u>

<u>Count 1</u>: Fifth Amendment violation, Johnston seeks
to recover $25,000.00 from Sodetz in both
Sodetz's official, and personal capacities in either
punitive or exemplary damages.

<u>Count 2</u>: §1986 violation, Johnston seeks to
recover $685.00 from Lindsay in both her official,
and personal capacities in either punitive or exemplary
damages. Likewise, Johnston seeks $685.00 from
Clarke in his official, and his personal capacities.

Count 3: § 1985(3) violation, Johnston seeks to recover $685.00 from Storino in both Storino's official, and personal capacities in either punitive or exemplary damages. As a coconspirator to Storino, Johnston seeks to recover $685.00 from Sodetz in both Sodetz's official, and personal capacities in punitive or exemplary damages.

Count 4: § 1982, § 1983, and § 1981(a) violations, Johnston seeks to recover $685.00 from Sodetz in both his personal, and official capacities in either punitive or exemplary damages.

Count 5: 28 USCS § 2672, and § 2679(b)(2) violation (intentional tort), Johnston seeks to recover $685.00 from Sodetz in both of Sodetz's dual capacities above stated.

<u>Attorney's Fees & Court Costs:</u> Under 42 USCS §1988, Johnston seeks to recover attorney fees at a reasonable rate for the 10 hours Johnston spent preparing this action from defendants as well as any court costs for filing this action, or any other fees and assessments the Court may require at any future date, from the defendants either jointly or severably.

<u>Demand For Jury Trial</u>

Johnston humbly seeks to demand trial by jury on all counts...

## Conclusion

WHEREFORE Johnston swears under the penalty of perjury the facts and information herein this complaint and civil action are true to the best of Johnston's knowledge, belief, and cognitive ability. Johnston moves the Court respectfully herenow for leave to proceed in forma pauperis, and thanks this Honorable Court for its valuable time and consideration.

Respectfully Submitted,

Dated: June 7, 2016 Andrew Johnston "without prejudice" UCC 1-308

Andrew James Johnston, Pro Se
P. O. Box 1000
Oxford, Wisconsin 53952

16



EXHIBIT

A

- April 21, 2016 Order
  in re Fed. R. Crim. P. 41(g) motion,
  and Fed. R. Civ. P. 11 motion.

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No, 13 CR 881 |
| | ) | |
| ANDREW JOHNSTON, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Andrew Johnston, a defendant in a concluded criminal case, has filed a motion in that case asking the Court to order the government to return property that was seized at the time of his arrest or reimburse him for its value. On October 29, 2013, Johnston robbed a Fifth Third Bank in Oak Brook, Illinois. He was arrested and charged a few days later. Johnston subsequently pled guilty, and, on July 21, 2015, the Court sentenced him to 48 months in prison.

At the time of Johnston's arrest, law enforcement seized various items from him. On November 22, 2013, the FBI released some of the seized items to Gina Muratori, Johnston's girlfriend, while Johnston was held in pretrial detention. According to Johnston, the value of this disputed property is approximately $685. Based on several calls that Muratori had with Johnston while he was in pretrial detention—calls that were recorded—the government says that Johnston authorized Muratori to receive the property in question. Johnston disputes this.

That dispute, however, does not matter for present purposes. Under Federal

Rule of Criminal Procedure 41(g), "[a] person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return." Fed. R. Crim. P. 41(g). But "if the [g]overnment no longer possesses the property at issue, no relief is available under Rule 41(g)." *United States v. Stevens,* 500 F.3d 625, 628 (7th Cir. 2007). Rule 41(g) does not authorize granting restitution or monetary relief. *United States v. Norwood,* 602 F.3d 830, 833 (7th Cir. 2010). Because it is undisputed that the government no longer has the property at issue, no relief is available to Johnston under Rule 41(g).

For this reason, the Court denies Johnston's motions seeking the return of or reimbursement for the property [dkt. nos. 90, 92 & 94]. The Court also denies Johnston's motion for sanctions [dkt. no. 98], because Federal Rule of Civil Procedure 11, the only source Johnston cites as a basis for sanctions, does not apply in this criminal proceeding.

Date: April 21, 2016

_____
MATTHEW F. KENNELLY
United States District Judge

2

# Proof Of Service

I, Andrew James Johnston, hereby swear to being "IN FORMA PAUPERIS" due to the limited resources and restrictions of my current confinement, and hereby forced to ask the Clerk of the Court to make the legally required number of copies, also EFFECTIVE SERVICE on:

Honorable Matthew F. Kennelly, U.S District Judge
E-mail: matthew_Kennelly@ilnd.uscourts.gov

Frank Jack Sodetz III, FBI Agent
E-mail: frank.sodetz@usdoj.gov

Timothy J. Storino, AUSA
E-mail: tim.storino@usdoj.gov

Rosalie Jane Lindsay-Guimarães, Federal Defender
E-mail: rose_lindsay@fd.org

Robert G. Clarke, Attorney at Law
E-mail: prestedigitate@sbcglobal.net

Respectfully Submitted,

Dated: 06/07/2016  Andrew Johnston  "Without Prejudice" UCC 1-308
Andrew James Johnston, Pro Se
P.O. Box 1000
Oxford, Wisconsin 53952

Andrew James Johnston
22712-424
Federal Correctional Institution
P.O. Box 1000
Oxford, Wisconsin 53952



16c6083
Judge Thomas M. Durkin
Magistrate Judge Mary M. Rowland
PC 9

RECEIVED

JUN 0 9 2016

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

legal
mail

JUN 8 2016

Date_____
The enclosed letter was processed through
special mailing procedures for forwarding to you. The
letter has neither been opened nor inspected. If the
writer raises a question or problem over which this
facility has justification, you may wish to return the
material for further information or clarification. If the
writer encloses correspondence for forwarding to
another addressee, please return the enclosed to:
FEDERAL CORRECTIONAL INSTITUTION
OXFORD, WISCONSIN 53952

◇22712-424◇
Clerk Of The Court
219 S Dearborn ST
US District Court
Chicago, IL 60604
United States